IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CAMERON MUTUAL
INSURANCE COMPANY                                                                          PLAINTIFF

v.                                    Case No. 6:23-cv-6005

JAYDIN COTTER, *et al*.                                                                  DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss or Stay filed by Defendants Jaydin Cotter; Lissette Neomi Ramos Cortez; Taylor Bowen Squires; Kenny Taylor, as Next Friend of C.T., a Minor; Kaila Deatherage, as Next Friend of K.M.B., a Minor; Harold Cates, as Next Friend of R.C., a Minor; Harold Cates, as Next Friend of H.T., a Minor: Heather Graves, as Next Friend of M.A., a Minor; Scott Withers, as Next Friend of M.W., a Minor; Kate Lynn Owens; and Allyson Coster (collectively "Defendants-Claimants").  ECF No. 44.  Plaintiff Cameron Mutual Insurance Company ("Cameron") has responded.  ECF No. 50.  Defendants-Claimants have replied.  ECF No. 54.  The Court finds the matter ripe for consideration.

## I. BACKGROUND

In October 2022, Defendant Barry Walker ("Walker") pled guilty to numerous sexual crimes against thirty-one minor persons in the Clark County and Pike County, Arkansas Circuit Courts.  On October 25, 2022, Defendants-Claimants filed a complaint[1] ("State Tort Action") in the Clark County, Arkansas Circuit Court against Walker and several others ("State Defendants").[2] ECF No. 44-2.  Defendants-Claimants alleged several torts against the State Defendants regarding Walker's nearly twenty-five year history of sexually abusing minors.  *Id*.  Defendants-Claimants

---

[1] Clark County Circuit Court: Case No. 10CV-22-256.
[2] The other defendants in the State Tort Action are All Pro Contracting, Inc.; Bear Lake Property Investments, LLC; Lori Cogburn; Brandi Cox; and Bryce G. Walker.  ECF No. 44-2.

also alleged that the State Defendants had engaged in a scheme of transferring or disposing of the assets making up Walker's estate, sought to have the court enter a restraining order preventing further transfers and sales, and sought to have the court appoint a receiver to account for all the assets making up Walker's estate. *Id*. at pp. 9-10, 46-52. The same day Defendants-Claimants filed their complaint, the court entered an order appointing a receiver (ECF No. 44-3) and entered a temporary restraining order (ECF No. 50-1) that precluded the State Defendants from selling or transferring assets. On November 3, 2022, the court transformed the temporary restraining order into a preliminary injunction. ECF No. 50-2. On November 19, 2022, the court ordered the receiver to provide notice to the insurance companies from which Walker had purchased liability insurance coverage policies. ECF No. 50-3.

On January 6, 2023, Plaintiff Cameron filed the instant action in this Court, alleging subject matter jurisdiction under 28 U.S.C. § 1332.[3] ECF No. 2. Plaintiff seeks a declaratory judgment[4] from the Court determining that it does not have a contractual obligation to defend or indemnify any State Defendants in the State Tort Action under the insurance policies issued by Plaintiff to Walker.[5] *Id*. at p. 1-2. In addition to naming Defendants-Claimants and Walker as Defendants, Plaintiff named the receiver appointed in the State Tort Action, Elaine Kneebone, as a Defendant. Plaintiff later moved to dismiss Elaine Kneebone as a Defendant in this matter, arguing that she was not a necessary party. ECF No. 24. Without an objection from any Defendant, the Court

---

[3] The Court is satisfied that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The alleged amount in controversy exceeds $75,000, Plaintiff is a citizen of Missouri, and all Defendants are citizens of Arkansas.

[4] Plaintiff asserts that it seeks declaratory judgment pursuant to Ark. Code Ann. § 16-111-101. However, the federal declaratory action statute is procedural in nature and federal courts must apply federal procedural law. *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 n.4 (3rd Cir. 2017) (citations omitted). Accordingly, the Court evaluates Plaintiff's request for declaratory judgment under the federal declaratory action statute, 28 U.S.C. § 2201.

[5] There is a separate but virtually identical declaratory action also pending against Defendants-Claimants in this Court, with a correspondingly identical motion to dismiss by Defendants-Claimants. *See EMCASCO Ins. Co. et al. v. Walker, et al.*, Case No. 6:23-cv-6006-SOH.

granted Plaintiff's motion and dismissed Elaine Kneebone from this action.  ECF No. 47.  On March 6, 2023, Plaintiff filed an Amended Complaint.  ECF No. 26.

On March 1, 2023, Defendants-Claimants sought leave in the State Tort Action to initiate a separate action for declaratory judgment against Plaintiff Cameron to be filed in the Clark County Circuit Court.  ECF No. 50-4.  On March 24, 2023, Claimant-Defendants' motion for leave to file a state declaratory action against Plaintiff was granted.  ECF No. 50-7.  On March 27, 2023, Defendants-Claimants filed their state declaratory action[6] against Plaintiff, Walker, and the other State Action Defendants ("State Declaratory Action").  ECF No. 44-5.

On April 3, 2023, Defendants-Claimants filed the instant motion seeking to dismiss or stay the instant declaratory action.  Defendants-Claimants argue that this Court does not have subject matter jurisdiction under the *Princess Lida* doctrine, that the receiver is both an indispensable party and someone who cannot be sued under the *Barton* doctrine, and that the Court should abstain from hearing this case under its discretion regarding parallel declaratory actions.  ECF Nos. 44 and 45.  Plaintiff responded in opposition, arguing that the *Princess Lida* and *Barton* doctrines do not apply, and that abstention is not justified and would deprive Plaintiff of an unbiased court.  ECF Nos. 49 and 50.  Defendants-Claimants replied, arguing that Plaintiff is incorrectly interpreting the applicable legal doctrines and that Plaintiff has failed to show any state court bias.  ECF No. 54.

## II. DISCUSSION

### A. Abstention Based on Parallel State Declaratory Proceeding

Defendants-Claimants argue that this Court can and should utilize discretion to dismiss or stay this matter because of the parallel State Declaratory Action.  ECF No. 45, p. 8-11.  Defendants-Claimants contend that the State Declaratory Action perfectly fits within the definition of parallel

---

[6] Clark County Circuit Court: Case No. 10CV-23-49.

because it is an identical declaratory judgment proceeding between identical parties that does not involve a question of federal law.  Defendants-Claimants conclude that considerations of judicial economy and avoiding interference with a comprehensive disposition of the issues in state court should lead this Court to exercise its discretion to either dismiss or stay this action.

In response, Plaintiff argues that the Court would be abusing its discretion to abstain from hearing this case.  ECF No. 49, p. 19-23.  Plaintiff contends that the most relevant Eighth Circuit precedent, *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872 (8th Cir. 2000), indicates that abstention for parallel declaratory judgments is meant for situations in which there are novel or unsettled questions of state law that prudence demands be addressed by a state court.  Plaintiff asserts that there is no split within Arkansas law regarding the insurance coverage issues relevant to this matter.  Plaintiff further asserts that the issues are very straightforward because the Court will easily determine that the intentional sexual crimes committed by Walker could not possibly be acts covered by Plaintiff's insurance policies.  Plaintiff also contends that it will be prejudiced by this Court's abstention because it will deprive Plaintiff of an unbiased forum for its declaratory action.  Plaintiff asserts that this prejudice can be seen in the prior orders from the State Tort Action benefitting Defendants-Claimants and the fact that all Defendants-Claimants are Arkansas citizens while Plaintiff is a citizen of Missouri with no connection to Arkansas.

Defendants-Claimants replied, arguing that the reasons provided by Plaintiff for this Court to decline abstention are either incorrect or wholly unfounded.  ECF No. 54, p. 5-10.  First, Defendants-Claimants contend that Plaintiff's accusations of bias against the state court are baseless and unsupported by any evidence in the record.  Defendants-Claimants then contend that the Eighth Circuit precedent cited by Plaintiff supports abstention.  Defendants-Claimants explain that the relationship between certain tort claims in the State Tort Action and the relevant insurance

4

policies at issue have not been determined by any Arkansas appellate court. Thus, Defendants-Claimants conclude that this case is clearly the type from which federal district courts have been guided to abstain.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The general rule that a federal court is required to exercise its rightful jurisdiction over a claim "yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to . . . 28 U.S.C. § 2201(a)." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013) (citations omitted). A district court has broad discretion to stay or abstain from exercising jurisdiction over a claim for declaratory judgment when a "parallel" state court declaratory action that involves no federal law is pending. *See id*. (quotation and citations omitted). "This broad discretion is to be guided by considerations of judicial economy, by 'considerations of practicality and wise judicial administration,' and with attention to avoiding 'gratuitous interference' with state proceedings." *Id*. (internal quotations omitted). Suits can be considered parallel when "substantially the same parties litigate substantially the same issues in different forums" or when they present "the same issues, not governed by federal law, between the same parties." *Id*. at 968 (internal quotations omitted). "As a functional matter, though, state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and 'satisfactorily' resolve the dispute or uncertainty at the heart of the federal declaratory judgment action." *Id*. (internal quotations omitted).

The Court finds that it has broad discretion to decline to exercise jurisdiction over the instant action and will accordingly decline to exercise jurisdiction. There exist parallel declaratory actions pending in this Court and in an Arkansas court. ECF No. 44-5. The state declaratory action filed by Defendants-Claimants involves the same parties, seeks to resolve the same issue regarding Plaintiff's obligations under Walker's insurance policies, and similarly does not involve any issue of federal law for its substantive resolution.[7] Therefore, all factors are present creating "parallel" proceedings that give the Court broad discretion to decline to exercise jurisdiction over Plaintiff's declaratory action. *See Lexington Ins. Co.*, 721 F.3d at 968. The Court also finds that practicality considerations favor having the same court overseeing the State Tort Action also evaluate the State Declaratory Action. Further, declining jurisdiction avoids the potential of having the parallel proceedings continue for an extended period before one proceeding reaches a resolution and functionally nullifies the time spent on the other through res judicata. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (noting that resolution of one parallel declaratory action can bind the outcome of the other).

The Court is not persuaded by Plaintiff's arguments in opposition. Plaintiff erroneously insists that *Capitol Indem. Corp.* established a rule that district courts must exercise jurisdiction if the declaratory action does not involve unsettled state law. Rather, the Eighth Circuit held that it was a mistake for a district court to maintain jurisdiction over a parallel declaratory action when it involved an issue of state law that was clearly unsettled and for which state courts were currently split. *See Capitol Indem. Corp.*, 218 F.3d at 874-75. The Eighth Circuit reasoned that maintaining jurisdiction would put that district court in the awkward position of having to take a side in the conflict while also providing no binding precedent on later state court decisions. *See id.* at 875.

---

[7] "The interpretation of insurance policies is governed by state law." *TNT Speed & Sport Center, Inc. v. American States Ins. Co.*, 114 F.3d 731, 732 (8th Cir. 1997).

That decision did not further articulate any rule that a district court needs to exercise jurisdiction when the relevant state law issue is straightforward and settled.[8]  Indeed, "the Eighth Circuit has consistently affirmed a district court's choice to stay or abstain from declaratory judgment actions in the face of parallel state court proceedings" and complications usually arise when district courts choose to exercise jurisdiction.  *AMCO Ins. Co. v. Columbia Maintenance Co.*, 510 F.Supp.3d 836, 845 (E.D. Mo. Dec. 31, 2020) (citations omitted).  Also, there will not be a significant detriment to judicial economy because this matter has only been pending for a few months and has not approached the dispositive stage.  *See id*. at 846 (finding that judicial economy concerns favored keeping jurisdiction when the federal declaratory action had been pending well over a year and summary judgment briefings had been completed); *see also Victoria Automobile Ins. Co. v. Rider*, 2018 WL926564 at *3 (E.D. Mo. Feb. 16, 2018) (finding that it was improper to stay or dismiss the parallel federal declaratory action when it had been pending for over a year).

      The Court is similarly not persuaded by Plaintiff's assertion of bias against the Clark County Circuit Court.  Plaintiff cites nothing in the record to support this accusation other than orders from the State Tort Action that they claim are undeservedly favorable to Defendants-Claimants.  However, Plaintiff has not attempted to detail or explain any flaws in these orders or highlight language that demonstrates a lack of objectivity toward Plaintiff.  Plaintiff similarly treats the fact that Defendant-Claimants are citizens of Arkansas as axiomatic that the Clark County Court is incapable of treating it fairly as a citizen of Missouri.  The Court will not entertain such presumptions of bias that lack any clear and articulable support in the record.

      In sum, the Court finds that it will utilize its broad discretion to abstain from exercising jurisdiction over this matter because of the parallel State Declaratory Action.  The Court will enter

---

[8] While Defendants-Claimants have argued that a stay or dismissal is appropriate because the relevant state law issue is unsettled, the Court makes no determination on that argument and it has no influence on the Court's decision.

dismissal instead of a stay because the matter appears as though it will be fully addressed in the Arkansas court and a return to federal court is unlikely.  *See Int'l Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) (noting that a stay is preferred when it is unclear if the matter may return to federal court).  The Court finds it unnecessary to address Defendants-Claimants remaining arguments in support of dismissal.

### III. CONCLUSION

For the reasons stated above, the Court finds that Defendants-Claimants' Motion to Dismiss (ECF No. 44) should be and hereby is **GRANTED**.  Accordingly, Plaintiffs' declaratory action (ECF No. 26) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of May, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge